Our first case today is 4-14-0272 Handartner v. Alexander. Attorney Veeley is here on behalf of the appellate. Attorney Evans is here on behalf of the appellate. Mr. Veeley, are you ready to begin? Mr. Veeley I am. Mr. Veeley The contract for deed in this case was prepared by the sellers and it appears that it was taken either offline or perhaps out of a form book. Mr. Veeley The reason I say that, I don't think a lawyer with any skill in real estate would draw a contract for deed such as the one you have before you. Mr. Veeley For example, if you look at the contract, it's a series of conflicting provisions. Mr. Veeley Further on page 8 at the bottom, the paragraph for mediation and possible litigation is axed and checked. Mr. Veeley And then if you go over to the next page, the paragraph for mediation and possible arbitration is also checked. Mr. Veeley So you have a series of conflicting paragraphs in this case. Mr. Veeley And then if you go back over to the contract at the top of page 6, it conflicts again. Mr. Veeley And it says in the first paragraph, seller shall have the right to obtain possession by appropriate court actions. Mr. Veeley So in other words, it seems to say you can go to court and you can't go to court. Mr. Veeley And it seems to say you can mediate, arbitrate, and then it doesn't really tell you who is to be the arbitrator. Mr. Veeley For example, the American Arbitration Association. Mr. Veeley It doesn't tell you what rules were to follow. Mr. Veeley So it is really a nightmare to interpret. Ms. Laird Mr. Veeley, can I ask you a question? Mr. Veeley Yes. Ms. Laird What relief did you ask for in the trial court? Mr. Veeley Well, the case started out, we asked for arbitration mediation from the get-go. Mr. Veeley And the other side, the plaintiffs, resisted that. Mr. Veeley And we didn't get that until the very end. Ms. Laird So you filed a motion to compel arbitration slash mediation? Mr. Veeley Repeatedly. Ms. Laird And what did the trial judge end up ordering? Mr. Veeley He ended up ordering a strange order by docket. Mr. Veeley He ordered, parties are ordered to mediate slash arbitrate this dispute within 30 days. Ms. Laird So isn't that what you asked for in your motion to compel? Mr. Veeley It is, but the problem is that doesn't really answer the problem. Mr. Veeley It's just like kicking the can down the street because we're back to, Mr. Veeley and that's why I started off in my argument this morning, Mr. Veeley which paragraph applies, what rules are we to follow? Mr. Veeley Are we to use the American Arbitration Association? Ms. Laird Are we going to answer those questions for you? Mr. Veeley Well, someone has to. Ms. Laird Do you think it's us? That's what I'm getting at. Ms. Laird Obviously you do because you're here, but it seems to me like those are the exact questions that would be litigated in the trial court. Mr. Veeley Well, the problem is, here's another thing. Mr. Veeley It's like this is a series of horrible things happening in cases. Mr. Veeley Judge Houchen was retiring about the time this docket entry came down. Mr. Veeley I think that's why it was rather brief and perhaps lacking in facts, Mr. Veeley because he retired and got that over with quickly. Mr. Veeley So when I read it, I thought, you know, what do I do? Mr. Veeley How do we proceed here because it's not detailed. Mr. Veeley I don't know what paragraphs were to proceed under. Ms. Laird I just would suggest that perhaps what you could do would be to move for clarification in the trial court. Mr. Veeley He's gone. Ms. Laird Right, but somebody is going to take over his work. Mr. Veeley Well, I suppose that's true. Mr. Veeley The other problem was we'd taken a substitution to Judge Feeney in the initial part of the case. Mr. Veeley So actually at that time there was no one that could opt in Wilfrid County that could have heard this because Judge Feeney had been substituted. Mr. Veeley Judge Houchen was retiring. Mr. Veeley And then the other problem that we're facing is, and you people probably know more about this than I do, Mr. Veeley but this is an appeal under Rule 307 and you have to be very careful as a practicing attorney Mr. Veeley because there are cases that say that if we do not appeal what we believe is adverse here, Mr. Veeley then it's res judicata. Mr. Veeley We can't appeal it six months or a year later when there's a final decision made by the trial court of jury. Ms. Laird There's a difference too in the case law regarding finality of an order to mediate versus finality of an order to arbitrate. Ms. Laird So you've got that issue going. Ms. Laird And the order frankly says mediate slash arbitrate so you have two different standards that would be applying. Mr. Veeley I thought well that's what, I was just at a loss and I thought, given the circumstances. Mr. Veeley Which do you want to do? Mr. Veeley Pardon? Mr. Veeley Which do you want to do? Mr. Veeley Well probably the cheapest way, because my people don't have much money, they're broke now. Mr. Veeley Probably whatever the cheapest is, and I think in one of my motions I pointed out that maybe the Mr. Veeley Probably the box checked on page nine might be the cheapest. Mr. Veeley But then the problem is, and it just rarely comes up in my practice, I've been doing this 50 years, Mr. Veeley But once in a while I get involved in an arbitration situation and by the time you're through, Mr. Veeley Actually it's cost more to arbitrate than to litigate. Mr. Veeley That's the problem. Mr. Veeley I think most lawyers like me, I'm old school, were trained in litigation. Mr. Veeley You do your discovery and depositions, you go to a jury trial. Mr. Veeley And then once in a while I get these arbitration mediation cases and they become nightmares. Mr. Veeley So... Mr. Veeley Why not agree with the parties to waive arbitration mediation and have a hearing on the case? Mr. Veeley I mean at this point, the impasse is entirely procedural. Mr. Veeley Right. Mr. Veeley The quickest way to get decided on merits is to litigate the merits. Mr. Veeley But litigating the merits may very well take less time than scheduling an arbitrator or scheduling a mediation Mr. Veeley and or going through with either of those. Mr. Veeley Particularly the mediation, because I think either in the pleadings or briefs, Mr. Veeley it's indicated that parties that want possession of property, that's their desire. Mr. Veeley There's really no way to mediate that. Mr. Veeley At least that's their assertion. Mr. Veeley There may be a way to somehow come to an agreement about possession, but they want to proceed on that. Mr. Veeley So I guess that would be our question. Mr. Veeley I think too, while I was going over this yesterday and this morning early, that issue came to my mind. Mr. Veeley I thought well can really a mediator or arbitrator really decide that? Mr. Veeley I suppose he could if the party stipulated to that, but normally I don't think it's done. Mr. Veeley I think my practice has been that the judge, the trial judge, decides a possession like an enforceable entry and detainer. Mr. Veeley So here again it's another, like you point out correctly, another procedural nightmare here. Mr. Veeley I guess it could have all been avoided, and I'm not tooting lawyers' horns, but I guess I will. Mr. Veeley Had the seller simply gone to a good real estate lawyer to prepare this, we wouldn't be here. Mr. Veeley It's a sad situation here, but there was no money saved by being a pro se preparer of this contract. Mr. Veeley One of the other issues I wanted to touch on just briefly because the plaintiffs in their brief raised the issue of jurisdiction under 307, Mr. Veeley so I responded to that in my reply brief, but I think the overwhelming weight of cases here, I looked at it again last night, Mr. Veeley I think there's about 15 cases that say when you have a 307 order it's appealable because it's injunctive in nature. Mr. Veeley The plaintiffs cited a couple of cases which I don't think are in point, and I pointed that out in my brief. Mr. Veeley So then we're down I guess to the last issue here, and that is of dollars and cents. Mr. Veeley And our position is that the defendants, appellants, are the prevailing parties in this case because they wanted arbitration mediation from the very beginning. Mr. Veeley The other side resisted it until the bitter end. I think they did concede at the very end in an e-mail to the judge which made him mad that they would go along with it. Mr. Veeley So is it counterintuitive to say that you're the prevailing party when you're the appellant, and the primary relief that you sought has been granted? It just needs to be clarified? Mr. Veeley Well, I think we did prevail. Ultimately, we got what we wanted. Maybe it wasn't the... Mr. Veeley But then you appealed. Mr. Veeley Now, I think they're gone forever under the cases I read under 307. So citing your case, the Fourth District case of inmate marriage of Murphy, it says if you're to be a prevailing party, if you're successful on any issue in the action, significant issue, they use. Mr. Veeley So in this case, I think we were. We succeeded in what we started. And here again, looking at the contract, the language is inconsistent at best, but it does say on page 9 under the heading of attorney's fees and costs, it says in connection with any litigation, including appellate proceedings arriving out of this agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and costs. Mr. Veeley And all other expenses, whether or not taxable by the court as costs, etc. So in other words, it seems to suggest that the judge is to assess the attorney's fees, not the arbitrator, as Judge Gushen seems to suggest in his docket entry. Mr. Veeley So once again, I would certainly concede it's not clear, but I believe we were prevailing on this issue, and therefore that would trigger the request for attorney's fees. So once again, it's a very strange case. We normally don't get these like this, but I think had the sellers been more careful in preparing this, we just simply wouldn't be here and it would have saved thousands of dollars in lawyer's fees. Judge Gushen Thank you very much for hearing me. Ms. Stoller Your Honor, actually, because of the course of the way the proceedings just went just now, Mr. Stoller is going to make the first remarks for us. Thank you. Ms. Stoller I just wanted to point out that the opposing counsel has said that this case is rather complex, and I agree that the contract definitely could have been much improved. But the way that the plaintiffs went about this to resolve it was not complex. They had an attorney actually that initiated the conversations by sending the sellers a letter asking them to clarify some things in the contract, and that's when they came to me. And then it was apparent that there was multiple defaults under the contract, and they were ready to be done with it, as was alleged in the complaint. I sent a letter to their attorney and said that if your clients believe this matter is something that needs to be resolved through mediation and arbitration in the contract, then let me know so a mutually acceptable arbitrator and mediator can be arranged as soon as possible. And I gave them 10 days to respond to that letter. On the 10th day I did receive a response from my deferred attorney, no mention of a request for mediation and arbitration, and in that letter I also said that in the interest of resolving this, we would like any dispute involving possession to be resolved in Woodford County Circuit Court. Because a hearing date can be obtained as soon as possible, and access is easily and readily available there, and it's cheap. Access to the court is not a problem in Woodford County. So that is the procedural history behind this case. When no response was given regarding that issue, I felt they had waived that because it had been offered. So we filed a forceful entry to decide possession only. And I'm with that in your belief that the contract that your parties held called for mediation and arbitration, but there was a lack of response. I mean, if a judge is looking at it, he knows what you just told him. I don't believe it was in the initial complaint for possession. I just used my standard forceful entry and complainer complaint. But it was argued in the trial court that the contract did appear to authorize it because it says if there's been a breach and no cure, and plenty of cure was given with a 30-day notice, that they're entitled to seek possession by court action. And so that's why we initially resisted, because we felt that we should be able to get an expedient trial on possessions. And then all the motions for substitution of judge and drew it out. So we just wanted to get this case resolved as soon as possible and get to the substance of it. And we're wondering why we're here today. I would like to yield the rest of my time to co-counsel. Unless you have any further questions. Thank you, Mr. Stoller. Ms. Evans? Good morning. I'm Angela Evans. And I echo Mr. Stoller's question. Actually, it's the thing that Mr. Wheatley said to me when he said good morning today is, what are we doing here? And I asked the same thing of myself when preparing my remarks. The defendants asked for mediation. And the trial court very clearly ordered them to mediation. It said slash arbitration. Judge Huston's order, as you know, it was simple, clear, and direct. He found that the parties clearly intended to mediate any disputes as twice in the contract they marked mediation and not litigation. After Mr. Wheatley, defendant's counsel, had broadcasted to us his intent to appeal anything and everything possible in a desperate attempt to avoid this lengthy and expensive appeal in a forcible entry and detainer action for a small property, that, you know, I understand that the Alexanders are in a terrible situation. It's never fun when you're dealing with an eviction, but my clients are entitled to the possession. But after that, in an effort to avoid this lengthy appeal in this type of matter, we communicated our willingness to mediate the matter, and we even discussed mediators. The letter that Mr. Stiller mentioned earlier, it was included in some of the responses and motions that were before the trial court. Also, interesting, and Mr. Wheatley echoed this just now in his remarks today, on page 14 of the defendant's initial brief, the defendants assert that mediation and possible litigation, as provided for on page 8 of the contract for due, could be the least expensive and best option for the respective parties. We're not at an impasse. I mean, we can go to mediation, and that's fine, and after the court's order, we tried to work on that, but, you know, the appeal followed, and here we are. What do you think we should do? Your Honor, I think that the best thing for my clients would be that this is remanded to the trial court to allow for an immediate hearing on the merits of the matter. We have, I would like for the appellate court to go ahead and reach the substance of the arbitration clause. The fact that Mr. Stoller just mentioned that the contracted issue does state that it's under the clause titled default by the buyer of the contracted issue, paragraph 8. It states that the buyer expressly agrees that in the event of default, which is not cured by the buyer in termination of this contract, and if buyer fails to vacate the property, seller shall have the right to obtain possession by appropriate court action. And that's what we're seeking in this case, ultimately, is possession. And because of that, we would ask that the case be remanded to allow for an immediate hearing on the merits of the case. And the reason for that is because we were ordered to mediate within a 30-day period, and that wasn't done. Instead, this appeal was filed, which, in my opinion, was just a tactic to delay the proceedings. What meaning do you ascribe to the docket entry? The meaning that I ascribe to the docket entry is that Judge Heshin... Was retiring and wanted to get rid of the case. No, I... Besides that. No, no, I don't... That was my thought. Well, I don't... I think that it means that we were supposed to mediate it within 30 days, and since... I thought the docket entries got the slash. Did I misread it? Well, I would interpret the slash to mean or arbitrate. And since today and in the past, it was... Mr. Wheelie agrees today that mediation would have been the best option, and we tried to mediate. And we tried to name a mediator. I would say that they wouldn't cooperate with the judge's order, and if we could go straight to trial, that would be fantastic. If not, alternatively, I would ask the court to grant relief that we be ordered straight to mediation, as it is the least... I mean, I believe it is less expensive. And then if mediation... All of that requires you to... It almost requires some kind of case management order where, for us to be meaningfully involved, would require us probably telling you who the mediator ought to be. I mean, it's a... It's laden with fact and nuance in terms of a trial court saying, All right, enough. Go to mediation next Saturday with Joe Schmoe, and report back to the court in 48 hours, and we'll decide whether we're going to go forward immediately with the hearing on the forcible entry and retainer, or you've mediated a result. Right. And that's really not for us to do. I don't think... No, sir. But perhaps the trial court could be instructed in that manner. Or, you know, I think that... The problem is that the trial court did exactly what Mr. Beeley asked for. If you look at his motion to compel arbitration slash mediation, I mean, it's titled that. And then the trial court did exactly what he asked, and then he's appealing. It's very confusing. But it sounds to me, to me, this is just me speaking as an old trial judge for 17 years, this is a case that ought to settle on how you're going to proceed at least. You might not be able to agree on who has the right to possession, but you should be able to agree, okay, enough of this. We've spent enough of our clients' money. Let's go to court and get a hearing on the merits. And if you can agree to that procedure, everybody can wait for mediation slash arbitration and proceed. And you're right. We're coming. You can get in and get a hearing. Yes, Your Honor. And if not, if somebody's not willing to wait, then agree on mediation, if that's what they want. Agree to mediate, get it mediated, and then get out with your lawyers. But this is crazy. We're fine with that. I mean, after the order, we're fine with that. That's why I keep asking why we're here. We're asking the same question. In my brief, I actually mentioned one of your questions was why wasn't there a motion to clarify? And the motion to clarify could have resolved a lot of this. It's unfortunate, the route that it's taken. But the jurisdictional argument, I mean, obviously the best thing for my clients is that we get to a hearing on the merits, as you said, and that's the reason why at the very end, even though I strongly believe that the actions of the defendants in asking for a jury, in propounding discovery, and so on and so forth, clearly waived any right to arbitration or mediation that they had. If they wanted to assert those alternative dispute resolutions, they should have done it right off the bat. But even that aside, the essence here is best that we proceed right to trial. However, that's under practical theory. Under the legal theory, I don't think that the court has. I mean, that the appeal here is that this appellate court has jurisdiction over the appeal, as I stated in the statement of jurisdiction for the reasons that I stated therein. And that I think that Judge Huston's order was ministerial, as you said. It was kind of just, you guys work this out. Go to mediation. Go to arbitration. Go do it. Go do it in 30 days. I think that's what he was trying to say. And it wasn't. He clearly said this isn't a final ruling. Here's my next question. Yes, ma'am. I was standing in your place and I got this notice of appeal. Why didn't you file a motion to dismiss? Well, I thought about that. And I pondered it greatly. And I would like for it to be dismissed. But I also thought, would every ñ I mean, I had such an understanding of what I believed the defendant's counsel's intent was here. And I tried to look at it from the outside and say, before I made such accusations, would every person view it the same way I did? I'm not talking about making any accusations. I'm just looking at it from the point of view that Mr. Buehle is the appellant. He prevailed. And yet he's trying to appeal. To me, that's a simple motion to dismiss. Well, and if we're able, we'd like to orally make that motion. But the hesitance there is to be, you know, you mentioned trying to work it out and get on to the merits of the case. My hesitance is I just am worried that that's not possible. I mean, we acquiesced. We offered to do either or. And it was, you know, the counsel for the defendant's position that he wanted the clarity. And I saw that here. And so, you know, I just kind of met a loss. So the statement that was made in the initial remarks by Mr. Bailey that the plaintiffs immediately went to file the forceful entering detainer action, as my co-counsel, Mr. Stoller, stated, that's not untrue. There was some mention of mediation and arbitration prior to that. There was discussion prior to and following Judge Huchin's order regarding mediation and arbitration. And regarding what rules are we to follow, seeing that Mr. Bailey has stated in his own brief that he thinks that the most inexpensive and practical way to handle this is mediation. I think that that, you know, usually you have arbitration rules and things clarified in an arbitration provision that's going to hold up. Here we didn't have that. But he sought to enforce the arbitration clause anyway. And, you know, if he wants to, if he thinks mediation is the best, I think that just ordering it to mediation is a pretty clear directive. That's kind of what we got. But regarding the attorney fees, I think that it's the same thing that we've discussed here. There is no prevailing party. It's unclear because he is the appellant and is up on appeal. I believe that that is all we have. Thank you, Your Honor. Mr. Bailey? It seems to me that, you know, we've thought about having settlement conference procedures here in the appellant court. We don't do it very often. But this seems to me to be a case where the two of you should be able to decide how you're going to proceed on this matter once you go back to the appellant court. You've said here you think you could get a hearing in Woodford County. Well. I don't think that. Well, now that the judge has been replaced. Well, no, see, that's not quite true. Judge Feeney ascended to Judge Houchen's position, and we got that motion for substitution. Okay. So.  Judge Stroka. Judge Stroka here at ORRA. Well, I think they have, let's see, I was up in Pontiac yesterday. They have Judge Finson comes up. I sat in those five counties, as you know, because I think you appeared before me. I sat in every one of those counties. Right, right. But I was based in McLean County. Right, well. So there's always a judge available, unless the whole circuit. Well, you know, see, that's a problem. I think we may be short up in room with the judge, and then, well, I won't get into that. Are you interested in mediating, or are you interested in getting a hearing date? That's all I want to know. Well, it's a hard situation because, you know, obviously I talked to my clients a few days before coming up here, but I didn't realize the posture that this argument was going to take. So before I commit myself, I'd like to talk to my clients and say, here's, you know, kind of what the appellate court is saying and what counsel is saying, you know, what do you want to do? Well, in a practical sense, I think in this instance it would be okay to go outside the record. What's the present status of possession of the real estate? My clients have the possession of the real estate. Okay. They have continued to live there for 13 months. Right. Since this was first bought. Right. I would guess, but I might not be right, I'd be correct that issues regarding payment on the contract for deed or some payment towards whether you call it rental or contract for deed have not been paid. That's correct. There's been, I believe there's been a tender, and that was rejected by the, and then, of course, in the course of the litigation, it got rather hot and there were some bad feelings to be honest with you, but hard feelings. Judd Hooshin made me file a counterclaim saying, you know, what the disputes were. In other words, he didn't realize what the disputes were. And if you look on the record, and I brought it with me today, we have a series of grievances against the sellers. I think we've got an account for fraud and breach of contract. So, in other words, there's some real issues hanging out there regarding whether or not the sellers have clean hands, I guess, to put it nicely. So, there's a lot of, it's just not a simple issue of, well, we didn't make the payments. There's a lot of issues. So, it's, if we get to the merits, there's still going to be problems because everybody's kind of mad here and saying that, you know, they didn't do this or they didn't do that. So. Does your client want a hearing on the merits? Oh, yeah, they're angry. Nobody likes anybody in this case. Everybody's mad. Used to be blunt with you. I don't want to hurt anybody's feelings, but everybody's mad here. And you can probably get that from the tenor of reading the pleadings here. So, they want to resolve it some way, but it's a tough issue. I just need to talk to them a little bit and see what they want to do. But, anyway, there was one final point, if I may. I think the court's right. We did prevail on the issue. So, therefore, I think the sellers should pay some returns fees here because if they don't, then I think that issue's gone under that one case that says under 307 you have to appeal everything now or you waive it.  Appreciate it. Thank you. We'll take this matter under advisement. It is being recessed until the next case.